# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| MICHAEL JEROME WALKER, | § | |
| Petitioner, | § § § | |
| v. | § § | CIVIL ACTION NO. H-17-0047 |
| LORIE DAVIS, | § § § | |
| Respondent. | § | |

## ORDER OF DISMISSAL

Petitioner, a state inmate proceeding *pro se*, filed this section 2254 habeas petition seeking pre-sentence jail time credit as to his Harris County state conviction. After reviewing the pleadings and public court records under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court concludes that this case must be dismissed for failure to exhaust.

Under 28 U.S.C. § § 2254(b) (1) and (c), a federal habeas petitioner must exhaust all available state remedies before he may obtain federal habeas corpus relief. *Sones v. Hargett*, 61 F.3d 410, 414 (5th Cir. 1995). Under this framework, exhaustion means that the petitioner must have presented all of his habeas corpus claims fairly to the state's highest court before he may bring them to federal court. *Fisher v. State*, 169 F.3d 295, 302 (5th Cir. 1999). Exceptions exist only where there is an absence of available state corrective process or circumstances exist that render such process ineffective to protect the rights of the applicant. *See* 28 U.S.C. § 2254(b)(1)(B). Petitioner makes no such argument here.

A review of public records for the Texas Court of Criminal Appeals shows that petitioner has not exhausted his state court remedies. All three of petitioner's post-conviction applications for state habeas relief raising the instant claim were dismissed by that court. *See Ex parte Walker*, WR-84,710-02 (dismissed July 13, 2016, as "applicant seeking pretrial jail time credit"); *Ex parte Walker*, WR-84,710-03 (dismissed September 14, 2016, for "non-compliance"); *Ex parte Walker*, WR-84,710-04 (dismissed November 16, 2016, as "applicant seeking pretrial jail time credit").

Consequently, petitioner has not properly presented his claim in the pending federal petition to the Texas Court of Criminal Appeals, and the claim is unexhausted. Because state process remains available, *see Ex parte Molina*, 483 S.W.3d 24 (Tex. Crim. App. 2016), petitioner does not satisfy, or request application of, any statutory exception to the exhaustion doctrine. Accordingly, this case must be dismissed for failure to exhaust.

The petition is DISMISSED WITHOUT PREJUDICE for failure to exhaust state court remedies. A certificate of appealability is DENIED. Any and all pending motions are DENIED AS MOOT.

Signed at Houston, Texas, on January 11, 2017.

_____
Gray H. Miller
United States District Judge